

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00405-CR

**JAMES RAY SONNTAG,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR15124**

## MEMORANDUM  OPINION

Appellant James Ray Sonntag was found guilty by a jury of the offense of driving while intoxicated.  Sonntag elected to have the judge assess punishment.  Sonntag pleaded true to enhancement allegations that made him a habitual offender, and the trial court sentenced him to thirty years' incarceration.  We will affirm the trial court's judgment.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Sonntag's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Sonntag's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Sonntag; and (3) informed Sonntag of his right to review the record and to file a *pro se* response.[1] *See*

[1] Counsel has informed this Court that he has provided the appellate record to Sonntag. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

Sonntag has filed a *pro se* response.[2] *See Schulman*, 252 S.W.3d at 409. The issues presented in his response are the same as the defense he raised at trial—that he was not intoxicated. Sonntag argues that the dash-cam video taken on the day of his arrest shows that he did not slur his words or have any balance problems. He also contends that the blood alcohol level was incorrect. The jury, however, saw the dash-cam video and heard the testimony of the forensic examiner who tested Sonntag's blood. By its verdict, the jury determined the evidence was sufficient to support Sonntag's guilt of driving while intoxicated beyond a reasonable doubt.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

---

[2] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.–Waco 1997, no pet.)).

requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. The judgment of the trial court is therefore affirmed.

In accordance with *Anders*, Sonntag's attorney has asked this Court for permission to withdraw as counsel for Sonntag. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Sonntag and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

---

[3] No substitute counsel will be appointed. Should Sonntag wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 21, 2018
Do not publish
[CRPM]

